IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOHNNIE and AMBER DAVIS, | § | Case No. 07-42789 |
| | § | (Chapter 7) |
| Debtors. | § | |
| | § | |
| | § | |
| CHRISOPER J. MOSER, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Proc. No. 08-4042 |
| | § | |
| TOYOTA MOTOR CREDIT CORP., | § | |
| | § | |
| Defendant. | | |

**MEMORANDUM OPINION REGARDING
MOTIONS FOR SUMMARY JUDGMENT**

Christopher J. Moser (the "Trustee") initiated this adversary proceeding to set aside a purchase money lien asserted by Toyota Motor Credit Corp. (the "Defendant") on a vehicle. On December 12, 2008, the Court considered the Motion for Summary Judgment filed by the Trustee (the "Trustee's Motion") and the Motion for Summary Judgment filed by the Defendant (the "Defendant's Motion"). For the reasons stated on the record on December 12, 2008, as well as in this Memorandum Opinion, the Court finds and concludes that the Defendant's lien is not avoidable under 11 U.S.C. §547(b) but that Trustee is entitled to a judgment avoiding the lien pursuant to 11 U.S.C. §544(a)(1).[1]

---

[1] This Memorandum Opinion modifies the Court's oral ruling to correct an error with respect to Court's analysis of the Trustee's claim for avoidance under 11 U.S.C. §544(a)(1).

## JURISDICTION

The Court exercises its jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2). A proceeding to recover a preferential transfer or to avoid a lien raises a core matter over which this Court has jurisdiction to enter a final order pursuant to 28 U.S.C. §§157(b)(2)(F), (K) and (O).

## BURDEN OF PROOF

Motions for summary judgment are authorized by Rule 56 of the Federal Rules of Civil Procedure, as adopted and applied to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. The entry of a summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). If a summary judgment motion is properly supported, a party opposing the motion may not merely rest upon the contents of its pleadings, but must demonstrate the existence of specific facts constituting a genuine issue of material fact for which a trial is necessary. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986) (citing FED. R. CIV. P. 56(e)).

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The manner in which this showing can be made depends upon which party will bear the burden of persuasion at trial. Here, since a trustee has the burden of proof in an

action seeking to avoid a lien, the Trustee must support his motion with credible evidence -- using any of the materials specified in Rule 56(c) -- that would entitle him to a directed verdict if not controverted at trial." *Celotex*, 477 U.S. at 331; *Grogan v. Garner*, 498 U.S. 279, 286 (1991).

In this case, the parties have essentially stipulated in their pleadings that there is no factual dispute in need of resolution and have presented opposing motions for summary judgment based upon the application of appropriate law. For cases in which the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *See Mansker v. TMG Life Ins. Co.,* 54 F.3d 1322, 1326 (8th Cir. 1995); *Thompson Everett, Inc. v. Nat'l Cable Adver., L.P.,* 57 F.3d 1317, 1323 (4th Cir. 1995) ("A federal court may resolve the legal questions between the parties as a matter of law and enter judgment accordingly."). The Trustee's Motion and the Defendant's Motion set forth the following body of uncontested facts.

## UNCONTESTED FACTS

On November 7, 2007, Johnnie and Amber Davis (collectively, the "Debtors") purchased and received possession of a 2007 Toyota FJ Cruiser with VIN JTEBU11FX70042882 (the "Vehicle"). The Debtors financed the Vehicle with a loan from the Defendant in the principal amount of $30,579.71. The Debtors granted a security interest in the Vehicle to the Defendant to secure the purchase money loan, but the Defendant waited until December 6, 2007 – 29 days after the Debtors received possession of the Vehicle – to apply for title to the Vehicle to be issued notating the Defendant's lien on the Vehicle. On December 18, 2007, the Texas Department of Transportation issued the Certificate of Title to the Vehicle notating the Defendant's lien.

3

The Debtors filed a petition for relief in this Court under Chapter 7 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") on November 30, 2007. In their bankruptcy schedules, which the Debtors filed with their petition, the Debtors claimed their interest in the Vehicle as exempt under §522(d)(2) of the Bankruptcy Code. The Debtors estimated the value of the Vehicle as $26,650. On February 27, 2008, the Debtors filed a Reaffirmation Agreement with this Court indicating that they had agreed to reaffirm their debt to the Defendant in the amount of $30,949.29.

The Trustee initiated this adversary proceeding against the Defendant on February 21, 2008. The prayer in the Trustee's adversary complaint seeks the following relief: (1) a judgment adjudicating the Defendant's lien on the Vehicle avoided pursuant to §§ 544 and/or 547 of the Bankruptcy Code; (2) a judgment preserving the lien for the benefit of the estate pursuant to §551 of the Bankruptcy Code; and/or (3) a judgment against the Defendant for $27,844.00. In the Trustee's Motion, the Trustee seeks summary judgment on his claim that the Defendant's lien is avoidable as a preference under §547 as well as his claim that the Defendant's lien is avoidable under §544 of the Bankruptcy Code.

In its answer to the Trustee's adversary complaint, the Defendant denies that the Trustee is entitled to avoid its lien, and the Defendant raises an affirmative defense to the Trustee's §547 claim under §547(c)(3). In the Defendant's Motion, Defendant requests that the relief requested in the Trustee's adversary complaint be denied. The Defendant specifically seeks a judgment that its lien is not avoidable under §§ 544 or 547(b) of the Bankruptcy Code.

4

With the exception of the claims asserted by the Trustee in the present adversary proceeding, this bankruptcy case is a "no asset" case. The estate does not have sufficient assets to pay all creditor claims in full.

## LEGAL ANALYSIS

### A. The Trustee's Claim for Avoidance of the Lien as Preferential

A plaintiff must prove six elements to successfully establish and recover a transfer as preferential under §547(b) of the Bankruptcy Code. Those elements are: (1) a transfer of an interest of the debtor in property; (2) to or for the benefit of a creditor; (3) for or on account of antecedent debt; (4) made while the debtor was insolvent; (5) made on or within 90 days before the date of the filing of the bankruptcy petition; and (6) that enabled the creditor to receive more than it would otherwise have received if the transfer had not been made and the case had proceeded under Chapter 7. *See Union Bank v. Wolas*, 502 U.S. 151, 154-55 (1991). If a plaintiff successfully establishes the elements of a preferential transfer, the transfer need not be returned to the extent the transfer is nonavoidable under §547(c). Section 547(g) of the Bankruptcy Code expressly states that the trustee has the burden of proving the elements of a preferential transfer under subsection (b), and the creditor or party in interest against whom recovery is sought has the burden of proving the nonavoidability of a transfer under subsection (c).

Here, the Trustee has established that the Defendant was a creditor of the Debtors and received a lien on the Vehicle from the Debtors. The Debtors purchased the Vehicle within 90 days of the petition date and, therefore, the Court presumes the Debtors were insolvent at the time of the purchase. *See* 11 U.S.C. §547(f). The disputed issue in this case is whether the Defendant's lien on the Vehicle falls within the enabling loan

exception of §547(c)(3)(B) and, therefore, was not a transfer on account of an antecedent debt and did not enable to Defendant to receive more than it would have received in a Chapter 7 case.

Prior to 2005, §547(c)(3)(B) prohibited a trustee from avoiding a creditor's security interest for a loan used to acquire the encumbered property "if, among other things, the security interest [was] perfected on or before 20 days after the debtor receive[d] possession of such property." *Fidelity Fin. Serv., Inc. v. Fink,* 522 U.S. 211, 212 (internal quotations and citations omitted). The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "BAPCPA") extended the grace period under §547(c)(3)(B) from 20 to 30 days. Thus, in this case, the Defendant must establish that its lien on the Vehicle was perfected on or before December 7, 2007 – 30 days after the Debtors received possession of the Vehicle. The Trustee argues that perfection did not occur until December 16, 2007 – the date the Defendant's lien was notated on the Certificate of Title for the Vehicle. The Defendant argues that, under Texas law, its lien was perfected on December 6, 2007 – the date it applied for the Certificate of Title to be issued.

The Supreme Court clarified the definition of "perfected" in the *Fink* decision. The Supreme Court began by noting that Congress has used the term "perfection" in at least two different ways in the Bankruptcy Code. *Fink*, 522 U.S. at 215. The Supreme Court explained that "Congress sometimes used the word 'perfection' to mean the legal conclusion that for such purposes as calculating priorities [among liens] perfection of a lien should be treated as if it had occurred on a particular date, and sometimes [Congress] used it to refer to the acts necessary to support that conclusion." *Id*. Perfection, as used

6

in §547(c)(3)(B), turns on the definition set forth in §547(e)(1)(B): "[A] transfer of property … other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." Perfection in the §547(e)(1)(B) sense is not "the legal conclusion that may be entailed by applying a relation-back rule" but instead refers to "the acts taken to trigger an application of the rule." *Id.* at 216. Therefore, in this case, the Defendant must have taken all of the acts necessary to trigger the applicable state law relation-back rule with the 30-day grace period provided by §547(c)(3)(B).

In *Fink,* the Supreme Court reviewed a Missouri case where the debtor purchased an automobile and gave the lender a promissory note for the purchase, secured by the automobile. The lender acted to perfect its interest in the automobile outside of the 20-day relation-back period set forth in the prior version of §542(c)(3)(B) by mailing its application to perfect its security interest 21 days after the debtor purchased the automobile. Two months later, the debtor filed a bankruptcy petition. The trustee moved to set aside the security interest because the security interest had not been perfected within the 20-day relation back period under §547(c)(3)(B). *Id.* at 213. The lender argued that Missouri law allowed the lien to be treated as "perfected on the day of its creation because it delivered the papers within the 30 days allowed by the state law...." *Id.* at 215. The Supreme Court rejected this argument, holding that Missouri's relation-back provision could not further extend §547(c)(3)(B)'s grace period. *Id. See also In re Hamilton,* 892 F.2d 1230 (5th Cir. 1990) (holding that the 10-day grace period under the applicable version of §547(c) prevailed over the 20-day period for perfecting an interest in personal property under state law).

In this case, as previously noted, the grace period is 30 days under the current version of §547(c)(3)(B). This case is distinguishable from *Fink* in that the Defendant took the acts necessary to perfect its interest in the Vehicle under Texas law within the 30-day grace period under the applicable version of §547(c)(3)(B). Texas law provides that "a person may perfect a security interest in a motor vehicle that is the subject of a first or subsequent sale only by recording the security interest on the certificate of title as provided by this chapter." TEX. TRANS. CODE §501.111 (Vernon 2007). Under Texas law, the recordation of a lien occurs when "the county assessor-collector: (1) is presented with an application for a certificate of title that discloses the lien with tender of the filing fee; or (2) accepts the application." TEX. TRANS. CODE §501.113 (Vernon 2007).

It is undisputed that the Debtors took possession of the Vehicle on November 7, 2007. It is likewise undisputed that the Defendant submitted an application for its lien to be noted on the title to the Vehicle and tendered the requisite fee on December 6, 2007. The Defendant thereby acted to "perfect" its security interest within the meaning of §547(e)(1)(B), *see Fink*, 522 U.S. at 221, and such perfection occurred with 30 days of the date the Debtors took possession of the Vehicle as required by §547(c)(3)(B). Although the Trustee argues that perfection did not occur during the 30-day grace period because the Certificate of Title was not issued until December 18, 2007, the Fifth Circuit has expressly rejected the argument that perfection does not occur until a lien is physically recorded on the actual certificate of title. *See In re Hamilton*, 982 F.2d at 1234. Under Texas law, the Defendant's lien was considered recorded when the Defendant submitted its application on December 6, 2007 – less than 30 days after the Debtors obtained possession of the Vehicle and within 30-day grace period. *See* TEX.

TRANS. CODE 501.113 (Vernon 2007). The Court, therefore, concludes that the Defendant may invoke the enabling loan exception under §547(c)(3)(B) of the Bankruptcy Code.

### B. The Trustee's Claim for Avoidance of the Lien as Unperfected on the Petition Date

Section 544(a) of the Bankruptcy Code, which is known as the strong arm clause, "confers on a trustee in bankruptcy the same rights that an ideal hypothetical lien claimant without notice possesses as of the date the bankruptcy petition is filed." *In re Charles*, 323 F.3d 841, 842 (10th Cir. 2003). Accordingly, a trustee may avoid any unperfected liens on bankruptcy estate property. *Id.* State law controls whether a creditor's security interest is unperfected and, therefore, avoidable under §544(a). *Id.* at 842-43. Section 544(a) expressly limits the trustee's strong arm avoidance power where a state relation back provision "permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection." *Fink*, 522 U.S. at 217 (quoting §546(b)(1)(A) of the Bankruptcy Code).

In most states, purchase money lenders enjoy a grace period for perfecting their secured interests pursuant to §9-317(e) (formerly §9-301(d)(2)) of the Uniform Commercial Code (the "UCC"). Indeed, §547(c)(3) was originally enacted to conform with the practice in most states of allowing purchase-money security lenders a grace period for perfection. *See Matter of Locklin*, 101 F.3d 435, 442 n.8 (5th Cir. 1996). In 1984, as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Congress conformed the language of §547(c)(3)(B) to §9-301(d)(2) of the UCC. *See Ledford v. Society Bank,* 51 B.R. 482, 483 n. 3 (Bankr. Ohio 1985). In 1994, Congress amended §547(c)(3)(B) to provide a grace period of 20 days rather than 10 in order to

conform bankruptcy practice to the practice in most states of allowing purchase-money security lenders 20 days to perfect their security interest pursuant to §9-301(d)(2) of the UCC. *Matter of Locklin,* 101 F.3d at n. 8. In the BAPCPA, however, Congress diverged from the practice in most states with respect to the perfection of purchase money interests. Although the UCC continues to provide a 20-day grace period for purchase money lenders, Congress modified §547(c)(3)(B) to extend the grace period to 30 days, thereby creating what one bankruptcy court has described as a "trap for the unwary":

> The apparent 30-day grace periods provided by Code §§ 547(c)(3) and 547(e)(2) are traps for the unwary. If the lien is not perfected within 20 days in order to obtain the relation-back effect provided by the Uniform Commercial Code for purchase money security interests, there is still a risk the lien might be avoidable if the purchaser files bankruptcy between the 20th and the 30th day and before the lien is perfected. A bankruptcy filing in that time period and while the lien is unperfected would give the trustee the rights of a lien creditor as of the date of filing, pursuant to Code §544(a)(1). The trustee's hypothetical lien creditor status would be superior to the security interest that is perfected after 20 days, despite the 30-day protection provided against preference avoidance.

*In re Britt,* 369 B.R. 526, 530 n. 12 (Bankr. D. Ariz. 2007).

Here, the UCC, as adopted in the Texas Business and Commerce Code, governs the sale of "goods," which are defined therein as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Chapter 8) and things in action." TEX. BUS. & COM. CODE ANN. §2.105(a) (Vernon 1994). Motor vehicles necessarily fit within this definition. *See, e.g., Assocs. Discount Corp. v. Rattan Chevrolet, Inc.,* 462 S.W.2d 546, 549 (Tex. 1970); *Hudson Buick, Pontiac, GMC Truck Co. v. Gooch,* 7 S.W.3d 191, 197 (Tex. App. – Tyler, 1999, pet. denied); *Vibbert v. PAR, Inc.,* 224 S.W.3d 317, 322 (Tex. App. – El Paso, 2006). However, a financing statement

is unnecessary to perfect a security interest in a motor vehicle. TEX. BUS. COM. CODE ANN. §9.311(a)(2) (Vernon 2002). Compliance with the statutes relating to certificates of title for motor vehicles is the equivalent of a financing statement. TEX. BUS. COM. CODE ANN. §9.311(b) (Vernon 2002). The Texas UCC provides that "if a person files a financing statement with respect to a purchase-money security interest before or within 20 days after the debtor receives delivery of the collateral, the security interest takes priority over the rights of … a lien creditor that arise between the time the security interest attaches and the time of filing." TEX. BUS. COM. CODE ANN. §9.317(e) (Vernon 2002).

There is no dispute in this case that the Debtors took possession of the Vehicle on November 7, 2007. There is likewise no dispute that the Defendant failed to perfect its purchase money lien within the 20-day relation-back period provided under the Texas UCC. The Trustee's lien creditor rights arose on the petition date, November 30, 2007, which occurred prior to the Defendant's perfection of its security interest on December 6, 2007. The Court, therefore, concludes that the Defendant's lien on the Vehicle is not a "first priority" and may be avoided under §544(a)(1) of the Bankruptcy Code. *See, e.g., In re Lockridge*, 303 B.R. 449, 456 (Bankr. D. Ariz. 2003) (discussing the avoidance of a lien as a preference where perfection was delayed).

In response to the Trustee's Motion, the Defendant argues that the Trustee's §544(a) claim should be denied because the Vehicle is "exempt from execution" by the Trustee based on the Debtors' exemption of their interest in the Vehicle under §522(d)(2) of the Bankruptcy Code. This argument misunderstands the nature of an exemption in bankruptcy. First, it is well established that exemptions are personal to the debtor and

11

may not be asserted by a creditor as a defense to an avoidance action. *See, e.g., Fox v. Smoker (In re Noblit),* 72 F.3d 757, 758 & n. 1 (9th Cir. 1995) (citing cases); *Waldschmidt v. Sanders (In re Sanders),* 213 B.R. 324, 329-30 (Bankr. M.D. Tenn. 1997). Second, even if the Defendant could claim the Debtors' exemptions as a defense, its defense would fail. Property claimed as exempt is property of the estate on the petition date, and a trustee's ability to avoid a transfer is judged as of the petition date. *See Taylor v. Freeland & Kronz,* 503 U.S. 638, 642 (1992); *Owen v. Owen,* 500 U.S. 305 (1991). Indeed, there is nothing in §541 excluding exempt property from the estate, and the Supreme Court has described an exemption as "an interest withdrawn from the estate (and hence from creditors) for the benefit of the debtor." *Owen,* 500 U.S. at 308.

### C. Avoidance and Preservation of the Defendant's Lien Is the Appropriate Remedy

A transfer avoided under §§ 544 or 547(b) is automatically preserved for the benefit of the estate under §551 of the Bankruptcy Code.[2] Upon avoidance, the estate holds the lien under §551. The Trustee in this case, however, argues that the Court should enter a money judgment (including pre-judgment and post-judgment interest) pursuant to §550(a) in lieu of the lien. Section 550(a) provides in relevant part:

> Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property[.]

The Trustee urges this Court to follow *Thacker v. USAA Fed. Sav. Bank (In re Taylor)*, 390 B.R. 654 (9th Cir. BAP 2008). In *Taylor* the court allowed the trustee an $18,020 judgment under §550(a) for the value of the secured lender's avoided lien. The

---

[2] Section 551 is entitled "Automatic preservation of avoided transfer," and provides that, "[a]ny transfer avoided under section ... 547 ... of this title ... is preserved for the benefit of the estate but only with respect to property of the estate."

rationale offered for this "flexible" application of §550(a) remedies is that it was necessary to restore the estate to the position it would have enjoyed had there been no voidable transfer at all. *Id.* at 664. The *Taylor* trustee waited 17 months following the filing of the case to institute avoidance litigation while the vehicle in question declined in value by $5,260. To restore the loss resulting from this delay, the *Taylor* court granted judgment under §550(a) against the lender for the value of the collateral at the time the case was filed.

Preservation and recovery of avoided transfers are two separate remedies provided in separate sections of the Bankruptcy Code. Preservation of an avoided transfer under §551 happens automatically. Recovery of property or its value following avoidance of a transfer may or may not come into play. Section 550(a) is worded in permissive, not mandatory, language. Section 550(a) provides that, "... to the extent that a transfer is avoided ... the trustee *may* recover ...." (emphasis added). Where this provision comes into play, the Court must determine, in its discretion, whether the recovery should be of the property transferred, or, in the alternative, its value.

Where, as here, the Trustee avoids only a non-possessory transfer of a lien, the preservation of that lien for the benefit of the estate is sufficient to place the estate in exactly the same position it would have been in, but for the granting of the lien. There is no need for the Trustee to "recover" any property or its value under these circumstances. *See Suhar v. Burns (In re Burns),* 322 F.3d 421, 427-28 (6th Cir. 2003) (discussing avoidance and recovery as "distinct concepts and processes"). By operation of §§ 551 and 541(a)(4),[3] he already has obtained the property transferred. Avoidance is a

---

[3] Section 541(a)(4) of the Bankruptcy Code provides that the bankruptcy estate includes, "[a]ny interest in property preserved for the benefit of ... the estate under section ... 551 of this title."

13

necessary precondition for recovery under §550(a), but is not a sufficient condition for recovery. *In re Berg,* 387 B.R. 524, 569 (Bankr. N.D. Ill. 2008) (discussing *Suhar,* 322 F.3d at 427).

## CONCLUSION

For the foregoing reasons, on the undisputed facts, the Trustee is entitled to a judgment avoiding the granting of the lien on the Vehicle pursuant to §§ 544(a) of the Bankruptcy Code and preserving the lien for the benefit of the bankruptcy estate pursuant to §§ 541(a)(4) and 551 of the Bankruptcy Code. The Trustee is not entitled to a money judgment against the Defendant pursuant to §550(a) of the Bankruptcy Code. The Court will enter a separate Judgment consistent with this Memorandum Opinion.

Signed on 3/24/2009

_____ SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE